FERRELL v. LAUGHINGHOUSE.

Opinion delivered September 28, 1908.

MANDAMUS—MERGER OF CAUSE OF ACTION IN JUDGMENT.—Mandamus will not lie to compel a county treasurer to pay a certain school warrant which had become merged in a judgment against the school district.

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

STATEMENT BY THE COURT.

There was presented to appellee as treasurer of St. Francis County on August 17, 1906, the following warrant:

"District School Fund, District No. 16.
"No. 12.                                        Aug. 16th, 1906.

"Treasurer of St. Francis County, Arkansas:

"Pay to A. B. Ferrell or order the sum of seventy no-100 dollars for vaccination of school children out of the fund. $70.                                        "Jno. W. Hall,

                                    "W. Sweet,

                                                "Directors."

The treasurer made on it the following indorsement:

"Presented August 17th, 1906, not paid for want of funds for the purpose for which this warrant was issued.

                                    "F. Laughinghouse,

                                        "County Treasurer."

After this appellant obtained judgment before a justice of the peace on the warrant. In March, 1907, appellant petitioned the circuit court for a writ of mandamus to compel the appellee to pay the judgment. He set forth in his petition that the warrant was issued to him by the directors of the district in payment for his services in vaccinating the school children of the district who were unable to employ a physician for that purpose; that the school board had made the order requiring the children to be vaccinated under the advice and at the request of the board of health of the town of Widener in said county in which the school was located; that smallpox was prevalent in that community, and the order to vaccinate was made by the board of directors because it was considered by them dangerous to run the school without requiring the children to be vaccinated, etc., and that they employed the appellee to perform the services. Appellant alleged that he had obtained judgment on the warrant, and asked that appellee be compelled to pay the judgment, together with interest, costs, etc.

The appellee demurred to the petition. The court rendered judgment sustaining the demurrer and dismissing the petition, and this appeal was taken.

*John Gatling,* for appellant.

Mandamus was the proper remedy. 14 Enc. Pl. & Pr. 261. The county treasurer's duty was to pay the warrant when presented, unless he had been notified that it was drawn for an illegal purpose. Kirby's Digest, § 7627; 38 Ark. 158. If the school board has the power to make an order requiring the children to

bc vaccinated, they have the power to use the school funds to pay for vaccinating those who are unable to pay for it themselves.  83 Ark. 431.

*N. W. Norton,* for appellee.

The statute clearly contemplates that the treasurer will look to the consideration for which the warrant was drawn, and if he has no funds in his hands "for that purpose" he should refuse payment.  Kirby's Digest, § § 7627, 7628; 37 So. 1005.  He has discretion under certain circumstances to refuse payment, even though the warrant is fair on its face.  71 Ark. 372.  If appellant was entitled to mandamus at all, it was on the warrant; and if there had been funds in the treasury for the purpose of paying for the vaccination of school children, he would have been entitled to the writ.  38 Ark. 150.

WOOD, J., (after stating the facts).  In the absence of a warrant drawn by the directors of the district on the appellee as treasurer for the payment of the judgment that had been rendered against the school district, he would have no authority to pay same.  It is the duty of the directors to draw orders on the treasurer, and they shall state in every such order the services or consideration for which the order was drawn.  Section 7627, Kirby's Digest.  "When the warrant of any board of directors, properly drawn, is presented to the treasurer of the proper county, he shall pay the same out of any funds in his hands for that purpose belonging to the district specified in said warrant."  Section 7628, Kirby's Digest.  The petition does not show that any warrant had ever been drawn by the directors of School District No. 16 on the appellee as treasurer of the county for the payment of the judgment which the petition alleges, and the demurrer admits, had been obtained against the district.  The petition does not show that any such warrant had been presented to appellee, and that he had refused its payment.  It is clear, therefore, that no cause of action for mandamus against appellee is stated in the petition.  The warrant set forth in the petition, as the latter alleges, had been used as the basis for and was therefore merged in the judgment.  The remedy, if any, is for mandamus to compel the directors to issue warrant for the payment of the judgment; but that case is not before us, and we express no opinion concerning it.

The judgment is affirmed.